# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LONNIE SNELLING  )  | |
| *individually and as assignee*,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | |
| vs.  ) | Case No. 4:19-cv-00425-JAR |
| ) | |
| ERRAN ALLEN DAVIS, et al.,  ) | |
| ) | |
| Defendants.  ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration. (Doc. 26). On March 8, 2019, Plaintiff filed a complaint alleging fraud, unjust enrichment, and negligent infliction of emotional distress in relation to Defendant Erran Allen Davis' marriage to Plaintiff's daughter and subsequent recovery of survivor benefits upon her death. (Doc. 1). Despite multiple status conferences and extensions, Plaintiff failed to obtain service on any Defendants for well over a year. On May 27, 2020, Magistrate Judge David Noce entered a Report and Recommendation ("R&R") recommending to this Court that the case be dismissed without prejudice due to Plaintiff's failure to file an amended complaint or obtain service of process. (Doc. 23). Plaintiff had 14 days to object to the R&R and failed to do so. Accordingly, on June 15, 2020, this Court sustained, adopted, and incorporated the R&R and dismissed the case without prejudice. (Doc. 25).

Plaintiff now moves for reconsideration, arguing that he had rescinded consent to the magistrate judge's jurisdiction. (Doc. 26). Plaintiff has not specified the rule under which he has moved. In accordance with Eighth Circuit precedent, this Court will treat Plaintiff's motion for

reconsideration as a Fed. R. Civ. P. 59(e) motion to alter or amend a judgement because it is directed at a dispositive order.[1] *See Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999) ("Rule 59(e) motions are motions to alter or amend a *judgment*, not any nonfinal order."). Rule 59(e) motions "serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

Plaintiff has not demonstrated any manifest errors of law or fact requiring this Court to alter its judgment. Fed. R. Civ. P. 72(b)(2) provides a party 14 days to object after being served with a copy of a magistrate judge's recommended disposition. Plaintiff was specifically advised by the R&R that he had 14 days to file any written objection. This Court properly dismissed the case without prejudice after Plaintiff failed to timely object.

Accordingly.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration (Doc. 26) is **DENIED.**

Dated this 9th day of September, 2020.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[1] The Court would reach the same conclusion if Plaintiff's motion were examined as a motion for relief from a final judgment, order, or proceeding under Fed. R. Civ. P. 60(b)